IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DARYL A. ROYSTER,**
    **Plaintiff,**

**vs.**                             **Case No: 3:09cv496/RV/MD**

**MARGIE CONSTAPINE, et al.,**
    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action on November 5, 2009 by filing a complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, codified at 42 U.S.C. §§ 12112-12117. (Doc. 1). He also filed a motion to proceed *in forma pauperis*. (Doc. 2).

On November 9, 2009, the court entered an order denying plaintiff's motion to proceed *in forma pauperis* without prejudice to his refiling it with a complete financial affidavit. (Doc. 4). Plaintiff was ordered to either pay the $350.00 filing fee or file a complete motion to proceed *in forma pauperis* within thirty days.

Over thirty days elapsed, and plaintiff did not comply with the court's November 9, 2009 order. Accordingly, on December 29, 2009 the court entered an order directing plaintiff to show cause, within twenty-one days, why this case should not be dismissed for his failure to comply with an order of the court. (Doc. 5). The deadline has passed, and plaintiff has neither responded to the order to show cause nor complied with the court's November 9, 2009 order.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 21st day of January, 2010.

/s/ *Miles Davis*
      MILES DAVIS
      UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).